UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

SEAN MCGARRY,

    Plaintiff,

v.                                                                           Civ. No. 16-483 JB/GJF

BOARD OF COUNTY COMMISSIONERS
FOR THE COUNTY OF LINCOLN, et al.,

    Defendants.

## AMENDED ORDER SETTING SETTLEMENT CONFERENCE

To facilitate a final disposition of this case, a mandatory settlement conference will be conducted in accordance with Federal Rule of Civil Procedure 16(a)(5).  Accordingly,

**IT IS ORDERED that all parties and their lead trial counsel shall appear before me at the United States Courthouse, Dona Ana Courtroom, 100 N. Church Street, Las Cruces, New Mexico, on June 22, 2017, at 10:30 a.m.**  An insured party or an uninsured corporate party shall appear by a representative **with full and final authority** to discuss and enter into a binding settlement (this requirement cannot be satisfied by hiring a local representative if the appropriate representative resides in another state).  *See* D.N.M.LR-Civ. 16.2(c).  A party's personal appearance is intended to increase the efficiency and effectiveness of the settlement conference by reducing the time for communication of offers and expanding the ability to explore options for settlement.  A party's request to be excused must be made in writing **five (5) calendar days** before the conference.  *See* D.N.M.LR-Civ. 16.2 (d).

Experience teaches that settlement conferences are often unproductive unless the parties have exchanged demands and offers before the conference and made a serious effort to settle the case on their own.  **Accordingly, at least twenty-one (21) calendar days prior to the date of**

**the settlement conference,** plaintiff's[1] counsel shall serve on defense counsel a letter that sets forth at least the following information: (a) a brief summary of the evidence and legal principles that plaintiff asserts will establish liability; (b) a brief explanation of why damages or other relief appropriately would be granted at trial; (c) an itemization of any claimed damages, including any special damages - i.e., damages for pecuniary losses, such as past medical expenses, lost wages, or property damages - that states the exact dollar amount plaintiff is claiming for each category; and (d) a settlement demand.

**At least fourteen (14) calendar days** before the settlement conference, defense counsel shall serve on plaintiff's counsel a letter that sets forth at least the following information:  (a) any points in plaintiff's letter with which the defense agrees; (b) any points in plaintiff's letter with which the defense disagrees, with references to supporting evidence and legal principles; and (c) a settlement offer.[2]  **If a release or a settlement agreement is contemplated, defense counsel shall include a proposed form of release with the counteroffer.**[3]  If defendant disagrees with the amount of special damages plaintiff has claimed, defendant's counteroffer must state the dollar amount defendant believes to be correct for each category.  For example, if plaintiff claims $1,000 in past medical expenses, and defendant believes the correct amount of past medical expenses is $500, defendant's letter must clearly state that plaintiff's past medical

---

[1] The words "plaintiff" and "defendant" include the plural form of the words if the case involves multiple plaintiffs and/or defendants.  The attorney for each plaintiff and defendant must comply with the terms of this order.  If an attorney represents more than one plaintiff or defendant, the attorney must comply with the terms of this order with respect to each of his/her clients.

[2] The settlement offer must be definite, meaning that it must state a single amount with no variables. For example, a settlement offer that lists a set amount of money "and attorneys' fees" is unacceptable.

[3] If there are disputes about the language of the release or the settlement agreement, the parties are ordered to alert the Court to the disputes in their confidential letters to the Court that are described *infra*.

expenses amount to $500. It is insufficient to merely say, "defendant disagrees that plaintiff has $1,000 in past medical expenses."

If a dispute about special damages exists, counsel shall: (1) meet in person or telephonically before the settlement conference to try to resolve the dispute (an exchange of emails or correspondence is insufficient); and (2) if the dispute cannot be resolved, counsel must bring all documentation supporting his or her position on special damages to the conference.

Each of these letters typically should be five (5) or fewer pages, and counsel must ensure that each participant reads the opposing party's letter before the settlement conference. If settlement authority for defendant is provided by a committee, **defendant must ensure that the committee reviews plaintiff's letter before finalizing settlement authority**. Those attending the settlement conference and reviewing the letters exchanged must treat as confidential the information discussed, positions taken, and offers made by other participants in preparation for and during the conference.[4]

**At least seven (7) calendar days** before the conference, plaintiff's counsel shall provide me copies of the letters exchanged between the parties. In addition, each party must provide me, in confidence, a concise letter (typically no more than seven (7) pages) containing a brief summary of the facts; analysis of the applicable law, including evidentiary issues; strengths of the case; weaknesses of the case; status of discovery; identification of any pending motions; an outline or itemization of damages or relief requested; status of settlement negotiations to date; and the names of the individuals who will be attending the conference and in what capacity. This confidential letter must not be a mere restatement of the letter served on opposing counsel.

---

[4] This does not prohibit disclosures stipulated to by the parties, necessary in proceedings to determine the existence of a binding settlement agreement, or as otherwise required by law.

All matters communicated to me in the confidential letter will be kept confidential, and will not be disclosed to any other party, or to the trial judge. Once I read the letters provided, I may arrange to have *ex parte* pre-settlement telephone conferences with counsel if I need additional information to assist my efforts to facilitate settlement.

Furthermore, if any party has in its possession any video or audio recordings of the incident upon which this action is based, that party must send me a copy of the recording at least **seven (7) calendar days** before the conference.

The parties shall submit these letters and other materials to me, preferably by e-mail, (gfproposedtext@nmcourt.fed.us), or alternatively by facsimile (575-528-1665), or by mail, as long as the materials arrive in my chambers by the above deadline. It is not necessary to send an original if a document is sent by e-mail or facsimile.

At the settlement conference, counsel should be prepared to discuss the factual and legal highlights of their cases. Separate, confidential caucuses will be held with each party and the party's representative.[5] Attached is an outline for counsel to review with their clients before the settlement conference to make the best use of the time allotted.

In the days immediately preceding the settlement conference, if either party believes that negotiation attempts would not be fruitful at the time set for the conference for any reason (for example, insufficient discovery or a need to wait on the resolution of a dispositive motion), the parties should contact my chambers to schedule a status conference to discuss the concern.

---

[5] Should a party require language translation or interpreting services, such services must be provided by the party and/or counsel at their expense. Such services are not provided by the Court in civil cases.

**IN SUMMARY:**

**Plaintiff's letter due to defendant:**                                    [21 days prior]

**Defendant's letter due to plaintiff:**                                    [14 days prior]

**All letters (and any audio/video recordings) due to Court:**   [7 days prior][6]

**IT IS SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE

---

[6] A $100 fine for each day a party misses any of the above deadlines may be assessed unless a request for an extension is approved by the Court.

**SETTLEMENT CONFERENCE PREPARATION**

Experience shows that in negotiations the party who is best prepared usually obtains the best result. Settlement conferences can be more efficient and productive if all parties and counsel are prepared. The following are some areas to consider to aid in the effectiveness of this settlement conference.

A.     FORMAT

       1.     Parties with ultimate settlement authority **must** be personally present.

       2.     The Court will use a mediation format and private caucusing with each side. The judge may address your client directly.

B.     ISSUES

       1.     What issues (in and outside of this lawsuit) need to be resolved? What are the strengths and weaknesses of each issue? What is your most persuasive argument?

       2.     What remedies are available resulting from this litigation or otherwise?

       3.     Is there any ancillary litigation pending/planned which affects case value?

       4.     Do you have enough information to value the case? If not, how are you going to get more information before the conference?

       5.     Do attorney's fees or other expenses affect settlement? Have you communicated this to the other side?

C.     AUTHORITY

       1.     Are there outstanding liens? Have you verified amounts and whether they are negotiable? Do you need to include a representative of the lien holder? If so, contact the Court immediately.

       2.     Is there valid insurance coverage? In what amount? If coverage is at issue, or the amount/type affects settlement value, have you notified the other side? Do you need to include the representative from more than one company/carrier? If so, notify the Court immediately.

D. NEGOTIATIONS

1. Where have your last discussions ended?

2. Can you have any discussions before the settlement conference to make it proceed more efficiently?

3. What value do you want to start with? Why? Have you discussed this with your client?

4. What value do you want to end with? Why? Have you discussed this with your client? Is it significantly different from values you have placed on this case at other times?

5. Is there confidential information which affects case value? Why shouldn't it be disclosed? How can the other side be persuaded to change value if that party doesn't have this information?

6. What happens if you don't settle the case at the conference? What is your best alternative to a negotiated settlement? Why?

E. CLOSING

1. If settlement is reached, do you want it on the record?

2. Have you discussed settlement formats with your client? Does the client understand structured settlements, annuities, and Rule 68 offers to compromise?

3. How soon could checks/closing documents be received?

4. If settlement is not reached, and further discovery is needed, what is your plan for continued settlement discussions? Do you want Court involvement in these talks?

5. If settlement is not reached, please be prepared to discuss it again at the Final Pretrial Conference.